# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| INDUSTRIAL WIRE PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08-CV-70 CAS |
| v. ) | |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Costco Wholesale Corporation's ("Costco") motion to compel arbitration. Plaintiff Industrial Wire Products, Inc. opposes the motion. For the following reasons, the motion will be denied.

## Background

Plaintiff has brought a three-count complaint alleging patent and trade dress infringement and unfair competition arising out of Costco's alleged manufacture and sale of the Interlocking Shoe Organizer, a six-unit storage and organizing bin. Prior to bringing this lawsuit, plaintiff and Costco had entered into at least two vendor agreements by which plaintiff agreed to supply Costco with its own patented storage bin. Those vendor agreements contained an arbitration clause stating that all claims and disputes between plaintiff and Costco that arise out of or relate to the vendor agreement or any agreement or transaction or occurrence between plaintiff and Costco shall be arbitrated. Costco seeks to compel plaintiff to arbitrate the instant intellectual property dispute.

**Legal Standard**

The Federal Arbitration Act limits the district court's initial role in any challenge to an arbitration agreement to asking (1) whether the agreement for arbitration was validly made, and (2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute *falls within the scope* of the arbitration agreement. See MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir. 2005) (citing Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., 334 F.3d 721, 726 (8th Cir. 2003) and Twin City Monorail, Inc. v. Robbins & Myers, Inc., 728 F.2d 1069, 1072 (8th Cir. 1984) (stating that arbitration is a matter of contract law and that, absent an arbitration agreement regarding the particular dispute, a party may not be required to submit the dispute to arbitration)).

"The scope of an arbitration agreement is given a liberal interpretation, with any doubts resolved in favor of arbitration. Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001). An order compelling arbitration 'should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' Id. at 945 (quoting AT&T Techs., Inc. v. Comm. Workers of Am., 475 U.S. 643, 650 (1986) (quoting Warrior & Gulf Navigation Co., 363 U.S. at 582–83)). Moreover, the question of scope asks only whether the parties have agreed to arbitrate a particular claim and does not reach the potential merits of the claim. Kansas City S. Transp. Co. v. Teamsters Local 41, 126 F.3d 1059, 1067 (8th Cir. 1997). Regardless of the scope of the arbitration agreement, the district court's initial inquiry under 9 U.S.C. § 4 remains 'an expeditious and summary hearing, with only restricted inquiry into factual issues.' Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983)." MedCam, Inc., 414 F.3d at 974-75.

**Discussion**

Plaintiff owns the United States Patent No. Design 506,613, entitled "Configurable Bin," issued June 28, 2005 ("'613 Patent"). Plaintiff designs, manufactures, and sells a six-unit storage and organizing device incorporating the features from the '613 Patent (the "Configurable Bin"). Plaintiff alleges Costco manufactures and sells a product known as an Interlocking Shoe Organizer, consisting of bins with plastic panels secured at the corners of adjacent bins by connectors. In its suit, plaintiff alleges the Interlocking Shoe Organizer copies the Configurable Bin and the '613 Patent in its overall appearance and deceives the ordinary purchaser into believing it is the patented design. Plaintiff brings its action in three counts, alleging patent infringement (Count I), trade dress infringement (Count II), and unfair competition (Count III).

Although not mentioned in the complaint, plaintiff formerly supplied Costco with configurable bins of the type described in the complaint. On April 25, 2007, plaintiff and Costco entered into an Import Vendor Agreement governing the sale of these bins, and this agreement contained the following arbitration clause:

> 27. **DISPUTES; GOVERNING LAW.**
> All claims and disputes that (1) are between Vendor and Costco Wholesale . . ., and (2) arise out of or relate to the Agreement Documents or any agreement or transaction or occurrence between Vendor and Costco Wholesale or to their performance or breach (including any tort or statutory claims) ("Arbitrable Claims"), shall be arbitrated under the Commercial Arbitration Rules of the American Arbitration Association ("AAA"), in English at Seattle, Washington . . . .

Pl. Opp'n, Ex. 2 at ¶ 27.[1]

---

[1] The parties had entered into a prior Wholesale Vendor Agreement dated June 15, 2006 (Pl. Opp'n, Ex. 1), which also contained an arbitration clause. The arbitration clauses of both agreements are substantially similar, and the 2007 Import Vendor Agreement states that it supersedes all prior written communications between the parties for the matters covered in the Import Vendor Agreement. Compare Pl. Opp'n, Ex. 1 at ¶ 20 with Pl. Opp'n, Ex. 2 at ¶ 27.

Both parties apparently agree that the arbitration agreement was validly made. The dispute is centered on whether plaintiff's claims fall within the scope of the arbitration clause contained in the Import Vendor Agreement. In its motion to compel arbitration, Costco argues this arbitration agreement is broad enough to cover plaintiff's claims that Costco violated plaintiff's patent by selling infringing bins. Costco also asserts the suit is motivated by plaintiff's dissatisfaction that Costco is purchasing the configurable bins from a different vendor, instead of pursuant to the Import Vendor Agreement, and argues that the dispute therefore relates to the Import Vendor Agreement. Plaintiff opposes the motion, stating the scope of the agreement relates only to transactions or occurrences between a vendor and Costco, which are not the basis of plaintiff's claims.

Based on the terms of the Import Vendor Agreement, the parties agreed to arbitrate all claims and disputes that "arise out of or relate to the [Import Vendor Agreement] or any agreement or transaction or occurrence between Vendor and Costco or to their performance or breach." In its motion, Costco interprets this arbitration clause very broadly, stating "[c]onsidering the breadth of the arbitration agreement between the parties, it is difficult to imagine a claim or dispute that the parties would not be required to arbitrate." (Def. Mem. at 4). As plaintiff points out, however, by its plain language the arbitration clause is limited to disputes that arise out of an agreement, transaction, or occurrence between "Vendor" and "Costco." Plaintiff's claims do not arise out of its status as Costco's vendor, and none of these infringement claims rely on the vendor/vendee relationship for their underlying basis.

The Court agrees with plaintiff. The claims asserted in the complaint do not arise out of or

---

Therefore, the Court will limit its discussion to the 2007 Import Vendor Agreement.

relate to transactions or occurrences between the parties. The claims are that Costco infringed on plaintiff's patent by selling the Interlocking Shoe Organizer. These infringement claims exist separate from any agreement, transaction, or occurrence between the parties. Although it happens that at some point in the past plaintiff sold products using its patented design to Costco, and signed a vendor agreement with an arbitration clause related to this sale, this fact is irrelevant to the present suit. Plaintiff's claims would exist regardless of whether plaintiff had ever entered into any vendor agreement with Costco. The Court finds that none of plaintiff's claims fall within the scope of the arbitration clause as they do not arise from the vendor agreement between plaintiff and Costco or any agreement or transaction or occurrence between the parties.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel arbitration is **DENIED**. [Doc. 10]

**IT IS FURTHER ORDERED** that pursuant to the Docket Text Order entered April 4, 2008, defendant shall have twenty (20) days to file its responsive pleading.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   9th   day of June, 2008.