# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| INDUSTRIAL WIRE PRODUCTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:08-CV-70 CAS |
| v. ) | |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Costco Wholesale Corporation's motion to stay the proceedings pending its appeal of the Court's order denying its motion to compel arbitration. Plaintiff Industrial Wire Products, Inc. opposes the motion, an urges the Court to allow discovery to proceed. For the following reasons, defendant's motion will be granted.

On June 9, 2008, this Court denied defendant's motion to compel arbitration, finding that none of plaintiff's claims falls within the scope of the arbitration clause. On June 24, 2008, defendant filed a notice of appeal seeking review of this order by the United States Court of Appeals for the Eighth Circuit. Section 16 of the Federal Arbitration Act ("FAA") grants a party the right to immediately file an interlocutory appeal from the denial of a motion to compel arbitration. See 9 U.S.C. § 16(a)(1)(A).

The parties agree that the Eighth Circuit has not definitively ruled whether an appeal from a denial of a motion to compel arbitration divests the district court of jurisdiction. Defendant cites this Court's recent decision in Express Scripts, Inc. v. Aegon Direct Marketing Servs., Inc., 2007 WL 1040938 (E.D. Mo. Apr. 3, 2007), which noted that the majority of circuit courts of appeal have

ruled that a notice of appeal under Section 16 of the FAA divests the district court of jurisdiction to proceed with the case pending appeal. See Express Scripts, 2007 WL 1040938 at *1. In Express Scripts, this Court stated that the benefits of arbitration are put at risk and may be lost by the exercise of concurrent district and appellate court jurisdiction during the appellate process. See id. at *2. This Court agreed with the reasoning of the Seventh and Eleventh Circuits, and concluded that the better rule is that a notice of appeal under § 16 of the FAA divests the district court of jurisdiction to proceed with the case pending appeal. Further, this Court reasoned that a stay would be in the interests of justice and judicial economy, would avoid inconsistent rulings, and would reduce uncertainty. See id. at ** 2-3.

Plaintiff opposes defendant's motion to stay, however, and asks this Court to follow the lead of the Second and Ninth Circuits, which have refused to stay proceedings in the district court while the arbitration issue is on appeal. Plaintiff argues that allowing discovery to proceed would promote the interests of justice in this case.

The Court finds no compelling reason to break with its precedent in Express Scripts, and concludes that a notice of appeal under § 16 of the FAA divests the district court of jurisdiction to proceed with the case pending appeal. Allowing discovery to proceed before the Eighth Circuit has ruled on defendant's pending appeal, as plaintiff urges, could be a waste of the parties' time and judicial resources in the event defendant prevails on appeal. For these reasons, it is appropriate for this Court to stay all proceedings in this case pending resolution of defendant's appeal to the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Costco Wholesale Corporation's Motion to Stay is **GRANTED**. [Doc. 32]

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the United States Court of Appeals for the Eighth Circuit's disposition of defendant Costco Wholesale Corporation's appeal of this Court's June 9, 2008 Order.

                                                                               */s/ Charles A. Shaw*

                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2008.